next united states v. Calabrese may it please the court good afternoon my name is Naomi Fetterman I'm here from the lofts of Aaron J. Romano PC on behalf of the defendant appellant Mr. Jason Calabrese while I have reserved a few minutes for rebuttal prior to beginning my argument I'd like to bring to the court's attention that counsel for the government this morning has provided us with documentation that is not part of the record in this case and has indicated that they will be referring to this documentation in their argument however they are declining to formally move to introduce this document prior to referencing it so at this point I'm placed in the unfortunate position I certainly don't want to interrupt opposing counsel's argument however we strenuously object to the admission of a document which is not part of the record in this case so I will defer to the court however the court wishes to address that but again we are moving to preclude the document both as it being not part of the record and therefore unfair surprise to us as well as the substance of the document itself let's hear your argument in any event yes your honor the issue in this case is whether the special skills enhancement can apply to Mr. Calabrese who was a registered loan officer at the time of the subject offense now the issue is more nuanced than the government would have you believe which is not whether a loan officer can be considered to possess a special skill but whether Mr. Calabrese himself possessed a special skill that significantly facilitated the commission of the offense and certainly that's the government's burden to prove by preponderance of the evidence what about the PSR though says paragraph 17 that Provenzano met with him to get the financing to buy the Gettys house Tom Provenzano asked me how much income he would need to qualify for a loan to buy the house isn't that the kind of information that somebody who knows something special could provide someone who works at a bank to tell you how much income you've got to put on your application if you're going to get this loan how's that not special skill your honor I think has pointed to a very important distinction that we make even between bank tellers and people with managerial or supervisory discretion when we discuss the second part of the enhancement abusive trust and the question is not whether there's a skill involved because that would read the enhancement to the point of meaningless but whether there's a special skill that relies on substantial education and training on par with doctors on par with attorneys what we see very consistently throughout a bank teller right this was a mortgage broker he didn't work for a bank he worked for a mortgage broker who then found a bank to place the loan right in order to be absolutely correct he was a registered loan officer which means he takes the information he submits it to the bank who then approves or disapproves the loan based on their own internal formulas so certainly that ability to perform what the district court called the rough calculation might be a skill it's not a special skill within the meaning of the enhancement and certainly there's no evidence on the record as to what sort of education or training would be necessary to perform that calculation again what we see through the circuits is a very it was called a stated income application what does that mean that's where the borrower would come in and advise the loan officer in this case Mr. Calabrese what the income what his income was what his employment was and it was just based on the statement and it would go off to the bank there was no independent verification or due diligence by Mr. Calabrese or anybody else I mean it sounds like I don't know it sounds like a stated income application means if I put this on the circuit is that what it is certainly that's in the case law that attorney Copel cited but we know that's not what happened in this case we know that the bank did perform an independent verification with Mr. Getty's company and someone at the company provided verification of the employment and of the income so there was no expectation by the bank that Mr. Calabrese was even passing along information that was intrinsically accurate he was merely recording what Mr. Provenzano said and submitting the application to the bank and that goes to of course the second prong of the test the significant facilitation as well why isn't it a special skill or knowledge to know what a stated income application is to know how much income a person must have to qualify for a certain loan and to give advice on how to best submit an application for a loan why isn't that specialized information and a skill well again your honor I think that goes to the question of whether a mortgage broker or loan originator in general could be considered to possess a special skill or whether Mr. Calabrese himself possessed one again stated income loans were a legitimate option offered by banks at the time most people don't know that most people don't know what a stated income application is doesn't require someone who's got familiarity and experience in the industry certainly but again that's why we see the distinction that all the circuits have drawn between a professional capacity or capability and a special skill I believe it was the ninth circuit that says almost every defendant that stands before the court is going to possess a skill that the judges themselves might be unable to perform but it would read the subsection to the point of it could not necessarily have been done by someone else does not make it special within the meaning of the enhancement specifically upheld special skill enhancements to loan officers and mortgage brokers because they do have special training and experience that goes beyond that of the general public again your honor if you look at the language of those decisions it refers to those mortgage brokers as being licensed and have had substantial education factors that we now know at the time Mr. Calabrese was not in fact licensed and even the probation officer herself in the addendum says she cannot speak to what training or experience would have been required to be registered at the time so that distinction is correct and that is the distinction that we're asked to be drawn in this case yes it's a finding of fact as to whether he's got special training so you know we're very deferential to this you haven't argued how this is not all this knowledge of how to calculate minimum income and the approval processes for various loan products how this is doesn't exceed the knowledge of the average person requires special training none of this is apparent to me it all seems to support the district judge's finding if your honor if I may the importance is that it's the government's burden as you said by the proponent now we have a finding by the district court and all you're saying to me is he's not licensed and that somehow this is not the kind of training or skill that warrants it and I don't see what you're relying on for that the district court in its decision relied repeatedly on the simple status of license possession which we know he did not have at the time and beyond that assertion that he was licensed and that's the language that's used again and again the imprimatur of the license the importance of upholding the regulations of the license that's the language the district court used on when imposing the enhancement we know now from the record that that's simply not the case so in the absence of evidence beyond the licensure that enhancement cannot stand of course that preponderance standard is used because it protects a defendant's due process rights against the unjustified application of the enhancement and when you excise the licensure which is the only consistent basis for the application of the enhancement there's simply no justification for the enhancement to apply to Mr. Calabrese Now when the district judge referenced Mr. Calabrese's mortgage broker license at page 139 how did the defense correct that? Because right off the bat I didn't think it was disputing the license as much as it had the skills I'm looking at page 139, 140 41 of the record Certainly defense counsel in his written objections to the PSR advised the court that Mr. Calabrese did not receive his license until 2010 and we know the simple development of the law there was no licensing scheme and defense counsel obviously chose to focus The entire discussion with the district court unless I'm missing something focuses on whether or not his skills were ones that should be viewed as special skills whether they were licensed or unlicensed doesn't seem to have entered into the discussion. Did I miss something? No and in fact I agree. So the argument to the district court was not judge he's not licensed. The argument was licensed or not he didn't possess special skills Now the district court rejected that. It thought that what he knew and how he knew how to do it was a special skill But the district court's rationale was again the license that we didn't know and that's articulated consistently throughout the sentencing. She says because of your license, because of the premada of integrity that you're a licensed nurse, that's why there's no evidence even on the record that other than the subject loans. How many loans Mr. Calabrese had processed? He could theoretically. He had a loan officer license. Wasn't that the confusion that he didn't have a broker's license but he had a loan officer's license at this time? He was registered as a loan officer and there's no indication of any sort of qualifications. As you can see again the 4th circuit says we can't take that at face value. That could be a perfunctory. You pay a fee and you're registered as a loan officer. That doesn't mean you've received the substantial education and training that we expect to hold someone to the standard of possessing a special skill in order to facilitate the offense. Do you agree he had a loan officer license at all of this time? No. He was registered as a loan officer In fact his full time profession was a firefighter. So again Who was he registered with? The State Packing Department? I can't speak to that Your Honor. It was a registration but it certainly wasn't a licensing. There was no licensing scheme until the passage of the Safe Mortgage Act. And again other than the loans that issue in the indictment there's no evidence put forth of how experienced he even was. As we stated he was a full time firefighter. So to rely solely on a license that we now know does not exist to justify the it's burden to apply the enhancement at all. Thank you. Thank you very much. May it please the Court. Good morning Your Honors. I say good afternoon. Henry Coppell for the United States. Respectfully the government submits that Mr. Calabrese has failed to meet his burden of showing that Judge Arderton committed clear error in applying the special skills adjustment. Specifically because Mr. Calabrese as this record shows had an indispensable role in the bank fraud conspiracy to which he entered a guilty plea based on and this is where I emphasize his industry specific knowledge which I believe Judge Reggie was referring to in the colloquies. Mr. Calabrese alone knew the income amount which was needed to qualify for more than $900,000 what turned out to be a fraudulent mortgage. Mr. Calabrese alone knew what kind of loan was not subject to independent income verification by the lending bank which point needs to be clarified and I will in a few moments with the Court's permission. How do you deal with this repeated reference to a license that he didn't have? Yes Your Honor. The government would phrase that given the totality of the record as a credentialing issue. It's true Mr. Calabrese did not have a license according to the undisputed items submitted to the record by the appellant. What he did have was a registration as a loan officer rather than a license as a mortgage broker. Judge Arderton is saying things like I don't think that the two sides are actually at odds on whether a mortgage broker license is a special skill. I agree with her. She's using terms like the mortgage broker license and that's not the only time she uses it. That is correct Your Honor and that was a mistake of description. We agree. It's not corrected by the government at any point. That's correct. I think it was. What's problematic about that and the reason I would defend the judge's decision is that first of all as the defense facts point out no one in Connecticut could be a licensed broker as of the time of the offense 2005 through 2006. Mr. Calabrese had all the credentialing, all the imprimatur that one could have had in that situation at the time. That wasn't brought to the district court's attention. That's correct Your Honor and here's where I think there's an argument that while formally speaking a defendant did preserve the issue under our circuit law under Diaz that says if you object in your note to the probation officer on the pre-sentence report you've preserved the issue which some circuits take that differently but the second circuit says that's enough. I think if I may be permitted to use the phrase there was almost a quasi abandonment of that issue when you walk through the record and I'd like to just briefly do that. At in the pre-sentence memo there was no mention of hey we still disagree with the pre-sentence report who concluded there was a license based on their check of a database. There was no objection in the pre-sentence report and then we come to court for sentencing day. At page 133 through 134 of the appendix the court says are there any fact disputes and the license issue was not touched on at all. Then as the court noted in the earlier colloquy today the judge actually said at page 139 and we have this issue of the broker's license and there was still no objection by the defense and admittedly the government was unaware that it wasn't a license at this point and that was our omission. And then there was the allocution by the defense who had initially raised it way before in the letter of the probation office pages 140 through 141. No mention of the license or a mistake. And finally Mr. Calabrese's own allocution at 189 through 92 no mention of the license. So I think the judge was placed in a rather hard position on that one and then I go back to but how significant. Given that there was an error what do we do with it now? I suppose your honor it comes down to how much weight to assign the error of fact. It's the government's position that it's very modest weight at best given no one could have had that credential at the time, given that Mr. Calabrese had the most credentialing one could have had and this is all subordinate to the question or doubly subordinate to well did Mr. Calabrese's status in the eyes of the lending bank matter? And other facts I think predominate other than the fact or not fact of a license versus a registration namely this was a stated income loan and I want to get to that in a moment Can you go back though to the registration? So you say well he didn't have a mortgage broker's license because nobody had one at the time but he was registered as a loan officer right? Who was he registered with? I don't know that either your honor if the court wishes to have a record supplement we could attempt to do that but I'm not sure how availing or helpful that would be. It's a matter for the district court my concern is the government didn't clear any of this up for the district court. Yes. And now you're urging us to find waiver not even forfeiture because we've held in cases that when a defendant fails to challenge factual matters contained in the pre-sentence report at sentencing he waives the right to contest them on appeal right? So you're looking for waiver? I might be overstating it if I actually ask for waiver your honor. I'm more putting in the context of the question did the judge commit clear error which is the standard because here the lay of the record made it rather difficult for the judge to rephrase as a registration rather than a license and as I say I go back to how significant was that difference in terms of the purpose for which that fact was offered. It was really offered to talk about the status and the imprimatur of the broker and I think the stated income aspect of the loan brings that issue back in full color. Well let me make sure I understand what happened here. The defendant objected to the pre-sentence report in correspondence to the probation office and received a response that the probation officer had learned from the National Mortgage Licensing System that Mr. Calabresi had been licensed as of October 1, 2002 and then there was never any mention of any of this to the district court right? Is that the record? Correct Your Honor. Now rule 32 says that at sentencing the court may accept any undisputed portion of the pre-sentence report as a finding of fact. So I understood you to be relying on that. That having gotten their answer from the probation department that they didn't think there was a problem and not having raised it with the district court, the district court was entitled to rely on this. I think that's reasonable Your Honor. Well I'm not just asking if that's your position. I'm not urging it. I think where I hesitated in all honesty, and I don't mean to be ambiguous, is I'm mindful of the Diaz case from this court which says once you object in the letter to the probation office you've preserved the use of it for appeal. But I also think there's a context in which each of these situations has to be evaluated. In this context it's as close to forfeiture as you could get even if it's not forfeiture because of the many times it was mentioned, could have been mentioned, it was not mentioned thereafter with an adverse finding. If I may address briefly the... I'm sorry to belabor this but the PSR does refer to him as a licensed mortgage broker and so was that objected to? Was that corrected? Yes, the defense did send their comments to the probation office saying he was not a licensed mortgage broker and thereafter it was never mentioned again even when the plaintiff made an addendum with the final PSR and said yes he is, we've checked this database and he is. And that's where the government argues there's a context of quasi forfeiture going on. It certainly made it harder for the judge to go back to that issue. On the stated income issue unfortunately there is a factual error in the present record and that's why the government feels compelled to ask leave of the court in its argument here now to supplement two documents which we'd be happy to see if the motion of the court wishes, namely two documents produced a year and a half ago in discovery to defense counsel long before the May 2015 guilty plea of Mr. Calabrese that show all that was verified by the bank was the nature of the job and not the income because that's what happens in a stated income loan. We have those documents here. That is a term of art then, a stated income  Yes. And in the PSR it says I suggested it be a stated income application. That means something, right? It does. So what does it mean? It means it's a loan in which the income of the applicant is not verified. The employment nature may be but not the income and that's exactly what happened in this case. Those two documents show that the first one from 2005, the second one from 2006 the initial loan and the refi and that's why the cases we cited in our reply brief say this is a stated income loan, this is what they're about. Then defense reply brief came back and said but in this case it didn't happen that way. We're saying yes it did and these documents show it. In the response from the probation officer after it was Mr. Cowdery objected to the PSR, it says that he objects to the two level increase for use of special skill. In his letter he notes he first received the mortgage broker's license on March 31, 2010. This is inconsistent with the information obtained from the National Mortgage Licensing System which notes he was first licensed as a mortgage loan originator effective October 1, 2002. Was that accurate that he had that designation as an originator as opposed to a broker? The best I can answer, Your Honor, is we thought it was accurate. We rely on the probation office. They're very thorough and we thought that's it, it's settled. The issue was never challenged again by the defense so we thought it was a settled issue. Thank you very much. Thank you, Your Honors. Thank you, Your Honor. I'd like to begin by drawing the court's attention to the fact that the district court stated that she was adopting the disputed factual findings that were contained in the PSR so at no point did Mr. Calabrese concede that he was in fact licensed at the time of the offense. I would also... The record before the district court is you object. The probation report responds to you and says, no, no, we've checked this indices and he's licensed as of October 1st. And you don't tell anybody that you disagree with that. So I don't understand how a district court wouldn't think, okay, you got your answer from the probation department, you're raising no objection to it. The probation department's report of his licensure stands. I would respectfully disagree, Your Honor. Defense counsel provided a very specific date, March 31st, 2010. In your original letter. And probation comes back and says, no, it's October 1st, 2002. You don't say to the district court, it's still disputed, Judge. What is the district court supposed to do at that point? The probation department is an arm of the district court. I would disagree that it was not reiterated, Your Honor. Mr. Calabrese says at the point of the sentencing, he says that I would... have no evaluation other than what was raised in our briefing. So that was the sentencing transcript at 5-6, which is the joint appendix at 134-135. What is the district court supposed to do at that point? Its probation department has checked with the National Mortgage Licensing System and learned something contrary to what you said. And at the same time, it also has Mr. Calabrese's written objection that no, the date I received my license was March 31st and that is why the court... What is the evidence of that? I mean, the probation department says it checked with the National Mortgage Licensing System. Your client says, the letter, the August 5th letter says, we understand that Mr. Calabrese first received his license on or about March 31st, 2010. So your understanding appears to be wrong in light of the probation department's inquiry. You were entitled to an inquiry. The probation department looked into where it was and found something contrary and you never said anything after that. Well, again, I would disagree with that characterization because he said except for what has already been included in our briefing, meaning we don't concede that what we raised in the briefing... But the page before 134, the court asked Mr. Cottery, is there any objection to factual statements in the presence report that require the court's resolution? Mr. Cottery, no, Your Honor. No, other than what has already been included in our briefing. I'm sorry, what page are you reading from? 135, right there. 135, I'm sorry, the last sentence of his answer. So I guess my long roundabout answer to the court's question is no, other than what has already been included in our briefing. But he's just talking about loss information, though, right? I mean, if you read the whole 134 or 135, there is a substantial disagreement about the loss calculation for the guidelines, but that's all he's kind of carving out here, right? I would respectfully disagree with Your Honor, and again, that brings me to my second point, which is what standard this court uses when it examines what constitutes a special skill, which is not clear error. That's for the second part of the prong. It's de novo, and we know now from the filings that were made to the district court in the Rule 35 motion that Mr. Calabrese did not actually possess a license at the time. So the question before the court that's subject to de novo review is, excising the license, did he possess that special skill? No, we're reading this. First, there's the concession that Judge Brony just gave you. Then there are the statements that you say, oh, the district judge is mistakenly referring to license and not a peep out of the defendant of he's not licensed to judge. So the two together suggest that to a district judge would suggest that the probation department made the inquiry, he's got a license, and that's where we are. I would disagree. I'm sorry. I actually would agree with that, Your Honor. However, that's not the question that's before this court. Could it have been articulated more fully and completely? Definitely. Is it the record the court has now before it? Definitely. And we know that through the filing of the objection, through the filing of the documentation for the Rule 35 motion. So when this court conducts its de novo review based on the record below, knowing that Mr. Calabrese did not possess a license at the time, that's the operative inquiry for this court. De novo review of did he possess a special skill. And the only thing that's on the record is the licensure. And again, this court goes into the rough calculation. There are simply these conclusory assertions that because he was a loan officer, he must have had a special skill. When at a basic level, perhaps what we're talking about is the math formulation that certainly would not rise to the substantial education and training that we would take for the special skills enhancement. So your point is certainly well taken with defense counselor's failure to articulate fully the objection. But was it preserved to raise before this court? Definitely. Thank you, Your Honor. All right. We're going to take the case under advisement. All right. Thank you. Court stands adjourned.